## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFF A. CROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1163-JTM |
| | ) | |
| SOMNOGRAPH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to join Duke Naipohn, the president and owner of Somnograph, Inc., as an additional party defendant. (Doc. 9). For the reasons set forth below, plaintiff's motion shall be GRANTED.

### Background

This is an action pursuant to 29 U.S.C. 215(a)(3) for illegal discrimination and retaliatory discharge under the Fair Labor Standards Act (FLSA). Highly summarized, Crown alleges that a coworker filed a class action lawsuit pursuant to 29 U.S.C. 216(b) against Somnograph for failure to pay overtime in violation of the FLSA. (Tonya McLaughlin v. Somnograph, Inc., Case No. 04-1274-MLB). Crown is a member of the class represented by

McLaughlin.[1]

Crown contends that Naipohn terminated McLaughlin (the lead plaintiff in the representative action) and then confronted plaintiff. Naipohn told Crown that he was aware of Crown's participation in the class action and offered Crown a choice: either (1) sign a waiver of participation in the class action and be promoted with a pay raise or (2) refuse to sign the waiver and face unspecified consequences. Crown alleges that he was constructively terminated "for his prospective participation in the representative action and his refusal to sign the waiver."

**Motion to Join Additional Party**

Crown seeks to join Duke Naipohn as an additional party defendant pursuant to Fed. R. Civ. P. 20. Rule 20(a) provides in relevant part:

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Clearly, Crown's claims of retaliation and discrimination by Naipohn and Somnograph arise out of the same "transactions or occurrences" and there are questions "of law and fact common to all defendants." Accordingly, Crown has made the requisite showing for permissive joinder under Rule 20.

---

[1] Crown filed a notice of consent to join the McLaughlin class action on May 16, 2005.

Somnograph opposes the motion for joinder, arguing that "plaintiff offers no reason for adding Mr. Naipohn as a defendant." The court disagrees. The term "employer" is broadly defined under FLSA:

> "Employer" includes *any person acting directly or indirectly in the interest of an employer* in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. 203(d)(emphasis added).[2] Crown alleges that Naipohn is the president and owner of Somnograph. More importantly, Naipohn is the person who sought a waiver from Crown for the benefit of Somnograph. Because he is an officer of the corporation and is alleged to have "acted directly or indirectly" in the interests of Somnograph, Naipohn falls within the definition of an "employer" (for purposes of joinder at the pleading stage) and is potentially liable for retaliation under 29 U.S.C. 215(a)(3). Because Naipohn is potentially liable under the FLSA definition of "employer," joinder is appropriate.

---

[2]

The FLSA "contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category." Hodgson v. Okada, 472 F.2d 965, 968 (10th Cir. 1973)(quoting Walling v. Portland Terminal, 330 U.S. 148, 150-51 (1947). In Hodgson, judgment was entered against both the individual defendant (Paul Okada) and the corporate defendant (Okada Farms Incorporated) based on defendants' control over the workers and benefit from the work performed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to join Duke Naipohn as an additional defendant (**Doc. 9**) is **GRANTED.** Plaintiff shall file and serve an amended complaint adding Naipohn as a defendant by **October 11, 2005.**

Dated at Wichita, Kansas this 27th day of September 2005.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge